UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | | |
|---|---|---|
| LAWRENCE LEE REIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 4:14-cv-00063-RLY-TAB |
| | ) | |
| MIKE ROBBINS, | ) | |
| STEVE WILLAN, | ) | |
| AMERICAN FAMILY MUTUAL | ) | |
| INSURANCE COMPANY, | ) | |
| AMERICAN FAMILY LIFE | ) | |
| INSURANCE COMPANY, | ) | |
| AMERICAN STANDARD INSURANCE | ) | |
| COMPANY OF WISCONSIN, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**ENTRY ON MOTION TO REMAND**

Plaintiff, Lawrence Lee Reis, brought suit against Defendants, Mike Robbins, Steve Willan, American Family Mutual Insurance Company ("AFMIC"), American Family Life Insurance Company ("AFLIC"), and American Standard Insurance Company of Wisconsin ("ASICW"), for breach of contract, unjust enrichment, and intentional interference with a contractual relationship. Reis originally filed his complaint in state court; Defendants removed the action to this court. Reis now moves to remand the case alleging this court lacks subject matter jurisdiction. For the reasons set forth below, the court **GRANTS** Reis's motion.

1

**I.     Background**

Reis, an Indiana resident, operated an insurance agency for AFMIC, AFLIC, and ASICW for eighteen years. (Complaint ¶¶ 7, 8). During that time, Reis's agency was very successful. (*Id.* at ¶ 8). In December of 2011, Robbins, the Agency Sales Manager overseeing the district Reis was located in, approached Reis about a Performance Improvement Plan ("PIP"), which Reis was required to abide by for one year. (*Id.* at ¶ 10). During the next year, Reis alleges that Robbins undertook steps to impede Reis's ability to succeed under the PIP. (*Id.* at ¶ 14). Specifically, Robbins and Willan, the former State Director of Indiana, changed the PIP guidelines and mandates, affirmatively misrepresented about Reis's requirements for ongoing agency with AFMIS, AFLIC, and ASICW. (*Id.* at ¶ 15). Robbins, allegedly, engaged in conduct outside the scope of his employment to intentionally interfere with Reis's contractual relationship. Willan, allegedly, acquiesced in this behavior. On November 15, 2012, Reis's contract with AFMIC, AFLIC, and ASICW was terminated.

As a result of the above events, Reis filed the present lawsuit in the Circuit Court of Clark County, State of Indiana, on June 18, 2014. On July 9, 2014, Defendants filed their notice of removal. At that time, the Defendants filed for removal based on diversity jurisdiction, alleging that Robbins, an Indiana resident, was a sham defendant, and federal question jurisdiction due to an age discrimination claim. Reis amended his complaint and dropped the age discrimination claim; thus, the only possible basis for subject matter jurisdiction is diversity jurisdiction.

## II. Standard

Federal courts have original jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs," between citizens of different states. 28 U.S.C. § 1332(a)(1). There must be complete diversity between the plaintiff and defendants, meaning that the plaintiff and any one defendant cannot be citizens of the same state. Pursuant to 28 U.S.C. § 1447, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."

"Under the doctrine of fraudulent joinder, 'an out-of-state defendant's right of removal premised on diversity cannot be defeated by joinder of a nondiverse defendant against whom the plaintiff has no chance of success.'" *Zotec Partners, LLC v. Herald*, No. 1:13-cv-00792-JMS-DKL, 2013 WL 3989424, * 3 (S.D. Ind. Aug. 1, 2013) (quoting *Morris v. Nunzo*, 718 F.3d 660 (7th Cir. 2013)). "Fraudulent joinder is difficult to establish—a defendant must demonstrate that, 'after resolving all issues of fact *and law* in favor of the plaintiff, the plaintiff cannot establish a cause of action against the in-state defendant.'" *Schur v. L.A. Weight Loss Centers, Inc.*, 577 F.3d 752, 764 (7th Cir. 2009) (quoting *Poulos v. Naas Foods, Inc.*, 959 F.2d 69, 73 (7th Cir. 1992)). Stated differently, the court must determine whether there is "any reasonable possibility" that the plaintiff could prevail against the non-diverse defendant. *Poulos,* 959 F.2d at 73.

In evaluating fraudulent joinder, a defendant faces a heavy burden. *See Schur*, 577 F.3d at 764. The Seventh Circuit has suggested "that the burden is even more favorable to the plaintiff than the standard that applies to a motion to dismiss under Federal Rule of

3

Civil Procedure 12(b)(6)." *Id.* (noting the suggestion and citing several cases in support); *see also Batoff v. State Farm Ins. Co.,* 977 F.2d 848, 852 (3d Cir. 1992) (stating that a Rule 12(b)(6) inquiry "is more searching than that permissible when a party makes a claim of fraudulent joinder").

**III. Discussion**

    **A.    Motion to File Surreply and Motion to Strike**

Defendants allege that Reis improperly submitted new arguments for the first time in his reply brief, thus Defendants seek leave to file a surreply. Additionally, Defendants argue in that surreply that Reis's new arguments should be stricken. The court will first address the motion to file a surreply and then the motion to strike.

As Defendants argue, new arguments and evidence may not be raised for the first time in a reply brief. *See Gold v. Wolpert*, 876 F.2d 1327, 1331 n. 6 (7th Cir. 1989). "Reply briefs are for replying, not raising new arguments or arguments that could have been advanced in the opening brief." *Autotech Technologies Ltd. Partnership v. Automationdirect.com, Inc.*, 249 F.R.D. 530, 536 (N.D. Ill. 2008). A party, however, may expand upon and clarify arguments in its reply brief. *See Ripberger v. Corizon, Inc.*, No. 1:11–cv–01394–TWPMJD, 2012 WL 4340716, * 1 (S.D. Ind. Sept. 20, 2012). In addition, this serves to prevent the nonmoving party from being sandbagged. *See Medical Assur. Co., Inc. v. Miller*, No. 4:08–cv–29, 2010 WL 2710607, * 4 (N.D. Ind. Jul. 7, 2010).

The court finds that the arguments made in Section A concerning whether Defendants Robbins and Willan are sham defendants are not new arguments, but rather

4

are in response to the arguments raised by Defendants. Reis's arguments in Section B, alleging that in the alternative, Defendants Robbins and Willan interfered with Reis's contracts with AFLIC and ASICW, are new arguments that were set forth for the first time in the reply brief. As such the court finds it equitable to allow Defendants to file a surreply in response to the new arguments. Thus, Defendants motion to file a surreply is **GRANTED**.

In the surreply, Defendants ask the court to strike Section A and B of Reis's reply. The court will not consider such a request because a motion to strike is required to be filed separately and may not be contained within a reply. *See* S.D. Ind. L.R. 7-1. Furthermore, Defendants are not prejudiced by this ruling because the court allowed them to file a surreply.

### B. Motion to Remand

When evaluating a claim of fraudulent joinder, "a district court must turn to state law to determine whether the Plaintiff has any reasonable possibility of success." *Schur*, 577 F.3d at 764. In fact, this court has found that "[i]f there is even a possibility that a state court would find that the complaint states a cause of action . . . the district court must find that joinder was proper and remand the case to state court." *Hook v. General Elec. Co.*, 761 F. Supp. 627, 629 (S.D. Ind. 1990) (quoting *Ontiveros v. Anderson*, 635 F. Supp. 216, 218-19 (N.D. Ill. 1986)). Nevertheless, a court may consider evidence in determining whether a defendant was fraudulently joined; indeed, an uncontradicted affidavit may be enough to establish fraudulent joinder. *See Faucett v. Ingersoll-Rand Min. & Machinery Co.*, 960 F.2d 653, 654-55 (7th Cir. 1992).

In his complaint, Reis alleges that Robbins, the only non-diverse defendant, committed the tort of intentional interference with a contractual relationship. Under Indiana law, to establish this tort, Reis must show: "(1) the existence of a valid relationship; (2) the defendant's knowledge of the existence of the relationship; (3) the defendant's intentional interference with that relationship; (4) the absence of justification; and (5) damages resulting from defendant's wrongful interference with the relationship." *Bradley v. Hall*, 720 N.E.2d 747, 750 (Ind. Ct. App. 1999). Additionally, an employee cannot be liable for this tort if he was acting within the scope of his employment and thus, under a qualified privilege. *See id.* at 751 (citing *Kiyose v. Trustees of Indiana University*, 333 N.E.2d 886 (Ind. Ct. App. 1975). According to Defendants, Reis's claim against Robbins must fail because Robbins was acting in the scope of his employment when he administered the PIP to Reis.

In Reis's second amended complaint, he alleges that Robbins engaged in conduct outside the scope of his employment to intentionally interfere with Reis's contractual relationship. Specifically, Reis alleges Robbins engaged in conduct designed to interfere with Reis's ability to achieve the PIP requirements, such as misrepresenting the requirements and mandates set forth by the Defendants and changing the PIP requirements during the one year period in which Reis was required to follow it. (Second Amended Complaint ¶¶ 32-34). To show that a claim of intentional interference with a contractual relationship cannot succeed against him, Robbins submitted an affidavit. In that affidavit, Robbins states that as part of his duties as a sales manager, he works with AFMIC's agents who are not meeting production requirements and to administer PIP to

the agents in his district. (Robbins Affidavit ¶¶ 4, 11, Filing No. 24-2). Further, Robbins states that Reis's PIP required him to write an average of 20 applications a month and that requirement did not change at any point throughout the process. (*Id.* at ¶ 10). Additionally, Willan submitted an affidavit in which he states that "Mr. Robbins and I conferred and agreed to the terms of the PIP. Those terms were in line with the standards set by AFMIC." (Willan Affidavit ¶ 10, Filing No. 24-1).

In order to remand the case, the court must find that there is a possible claim under Indiana law. To find this, the court must conclude that it is possible that Robbins acted outside the scope of his employment. The only evidence before the court is the affidavits of Robbins and Willan. Thus, the court may accept those facts as true even if they contradict the allegations of the complaint. *See Faucett*, 960 F.2d at, 654-55. The court will also accept as true any allegations in the complaint that are not contradicted by the evidence.

It is undisputed that part of Robbins's job is to administer the PIP and that the requirement of the PIP did not change. Thus, the only possible claim that Robbins acted outside of his employment in administering the PIP is the allegation that Robbins affirmatively misrepresented the requirements of the PIP. Robbins's affidavit does not address this claim. Thus, the court must take as true the allegation that Robbins misrepresented the requirements of the PIP, which he was charged with administering. The court cannot state that, as a matter of law, such actions would constitute part of Robbin's job duties. As such, the court finds that it is possible that such actions would

7

fall outside the scope of Robbins's employment. Therefore, the court must **REMAND** the case to state court.

C. **Attorney's Fees**

Reis seeks his attorney's fees under 28 U.S.C. § 1447(c), which states "[a]n order remanding the case may require payment of just costs and actual expenses, including attorney fees, incurred as a result of the removal." Nevertheless, "[a]bsent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005).

The Defendants removed this action on two grounds: (1) federal question jurisdiction and (2) diversity jurisdiction. The Defendants noted that the age discrimination claim brought forth in the original complaint had to be under the Age Discrimination in Employment Act, 28 U.S.C. § 621 et seq., because Indiana's Age Discrimination Act does not provide a private right of action to individuals. (Notice of Removal ¶ 3) (citing *Hague v. Thompson Distribution Co.*, 1:02-cv-01744-RLY-TAB, 2005 WL 995689 (S.D. Ind. Feb. 9, 2005), *aff'd*, 436 F.3d 816 (7th Cir. 2006)). This alone was a reasonable ground to remove the case to this court. Therefore, the court will not award costs and attorney's fees.

IV. **Conclusion**

In conclusion, the court **GRANTS** Defendants' motion to file a surreply (Filing No. 34). Moreover, the court finds a claim against Robbins for intentional interference with a contractual relationship is possible. The court, therefore, must find that the

8

doctrine of fraudulent joinder does not apply to this case.  As such, the court **ORDERS** this case **REMANDED** to the Clark Circuit Court as Cause No. 10C01-1406-CT-090.  Additionally, the court finds that attorney's fees are not warranted in this case and thus denies Reis's request for them.  Reis's motion to remand (Filing No. 23) is therefore **GRANTED in part** and **DENIED in part**.

**SO ORDERED** this 26th day of February 2015.

_____
RICHARD L. YOUNG, CHIEF JUDGE
United States District Court
Southern District of Indiana

Distributed Electronically to Registered Counsel of Record.